UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS J. PAULSON, | CASE NO. C19-1492-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE CITY OF MOUNTLAKE TERRACE *et al*., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss and for sanctions (Dkt. No. 19). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

**I.    BACKGROUND**

On September 9, 2019, Plaintiff filed a complaint against Defendants in Snohomish County Superior Court. (Dkt. No. 1-1.) Plaintiff sought monetary damages and asserted that Defendant City of Mountlake Terrace "was deliberate in the handling of the affairs and the events surrounding Thomas J. Paulson's criminal case of Domestic Violence 2002 until the year 2019 failing to train, supervise and/or discipline prosecutors, staff, public defenders and especially the city Domestic Violence Coordinator." (*Id*. at 2.) Defendants removed the case on

1   September 17, 2019, (Dkt. No. 1), and Plaintiff filed an amended complaint on September 27,
2   2019, (Dkt. No. 7). Plaintiff's amended complaint reiterates his assertion that Defendant City of
3   Mountlake Terrace deliberately mishandled his 2002 domestic violence case by failing to train,
4   supervise, or discipline various public employees. (*Id*. at 2–3.) Plaintiff specifically alleges that
5   "the prosecutor, public defender and Domestic Violence Coordinator suppressed exculpatory
6   evidence from" Plaintiff. (*Id*. at 3.) In the "Legal Authority" section of his amended complaint,
7   Plaintiff alleges several claims purportedly arising under Washington state law. (*See id*. at 5–6.)

8   Plaintiff's amended complaint also references several "Notary Statements" containing
9   witness testimony and the Eastern District of Washington's decision in *Vargas v. Earl*, 2008 WL
10  5102310, slip op. at 1 (E.D. Wash. 2008). (*Id*. at 3–4.) One of cited notary statements is the
11  signed statement of Mary E. Solberg and Josephine E. Paulson, which asserts that during the
12  2002 criminal proceedings against Plaintiff they were told by Plaintiff's public defender that
13  there was "no evidence" supporting the domestic violence charges against Plaintiff. (Dkt. No. 9
14  at 2.) The rest of the notary statements are signed statements of former employees of Defendant
15  City of Mountlake Terrace that attest to the signors' belief that Josephine Paulson's written
16  testimony is accurate. (*See* Dkt. No. 8 at 3–5.) Plaintiff has also filed excerpts of the plaintiff's
17  complaint in *Vargas*. (*See* Dkt. No. 9 at 3–7.)

18  Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil
19  Procedure 12(b)(6) and requests that sanctions be imposed on Plaintiff pursuant to Federal Rule
20  of Civil Procedure 11. (Dkt. No. 19.) In response, Plaintiff states that, "The Defendant, The City
21  of Mountlake Terrace through their pleadings to dismiss this case have no witnesses in their
22  pleadings that can come forward factually. Former City of Mountlake Terrace Officials have
23  signed Notary Statements for the Plaintiff!" (Dkt. No. 25 at 1.)

24  **II.   DISCUSSION**
25      **A.   Legal Standard**
26  A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A plaintiff is obligated to provide grounds for their entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

When assessing the sufficiency of a complaint under Rule 12(b)(6), the court ordinarily must not consider material outside of the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). One exception to this rule is the incorporation-by-reference doctrine, which allows the court to "consider evidence on which the 'complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.'" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 988 (9th Cir. 2010) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

**B.** *Brady* **Violation**

Plaintiff asserts that "the prosecutor, public defender and Domestic Violence Coordinator suppressed exculpatory evidence from" Plaintiff during his 2002 criminal case, which the Court

construes as a claim brought pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963). (Dkt. No. 7 at 2, 3.) "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. at 87. Because a violation of *Brady* deprives a person of the constitutional right to due process, a plaintiff may sue governmental actors under § 1983 for alleged *Brady* violations. *See id.* at 88; *United States v. Agurs*, 427 U.S. 97 (1976). To do so, a plaintiff must prove three elements: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). "A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction . . . is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages." *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003).

Plaintiff's complaint does not describe the nature of the evidence that was allegedly suppressed during his 2002 criminal proceedings. (*See generally* Dkt. No. 7.) Notably, the statements Plaintiff has filed in support of his amended complaint assert that there was "No Evidence" supporting the domestic violence charges against Plaintiff, not that evidence favorable to Plaintiff was suppressed. *See Strickler*, 527 U.S. at 281–82; (Dkt. No. 9 at 2.) Thus, Plaintiff's amended complaint and supporting documents do not establish a plausible claim for relief on this ground. *See Brady*, 373 U.S. at 87; *Iqbal*, 556 U.S. at 678. Moreover, Plaintiff only seeks monetary damages as relief, which he cannot recover from the prosecutor even if he established a *Brady* violation claim. *See Broam*, 320 F.3d at 1030.[1] Therefore, Defendants' motion to dismiss

---

[1] While Plaintiff also asserts this claim against the public defender and domestic violence coordinator, his complaint and supporting statements do not provide factual allegations demonstrating how those individuals suppressed evidence or a legal theory as to their liability for

is GRANTED as to this claim.

### C. *Monell* Claim against Defendant City of Mountlake Terrace

Plaintiff asserts that Defendant City of Mountlake Terrace deliberately failed to train, supervise, or discipline "prosecutors, staff, public defenders, and especially the city Domestic Violence Coordinator," which the Court construes as a claim against Defendant City of Mountlake Terrace brought pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).[2]

A municipality cannot be sued under § 1983 on a *respondeat superior* theory; rather, a municipality may be liable under § 1983 "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 692–94. Courts have recognized that a municipality may be held liable under § 1983 if the alleged injury was caused by: (1) execution of the municipality's policy or custom; (2) the municipality's failure to train its employees if the failure demonstrates that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need"; or (3) a final policymaker or a subordinate whose action and the basis for that action were ratified by a final policymaker. *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 802–03 (9th Cir. 2018) (internal quotations omitted) (citing *Monell*, 436 U.S. at 694; *City of Canton v. Harris*, 489 U.S. 378, 390 (1989); *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013)).

A plaintiff's § 1983 claim for failure to train is "tenuous," as a municipality's alleged

---

any alleged suppression of evidence separate from that of the prosecutor. *See Iqbal*, 556 U.S. at 678; *Balistreri*, 901 F.2d at 699; (*see generally* Dkt. No. 7).

[2] In support of this claim, Plaintiff cites Wash. Rev. Code § 10.58.030 (Confession as evidence). (*See* Dkt. No. 7 at 5.) That statute is not relevant to his assertion that Defendant City of Mountlake Terrace failed to train, supervise, or discipline its employees and thereby harmed Plaintiff.

failure to train must amount to "deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Wereb v. Maui County*, 830 F. Supp. 2d 1026, 1031 (D. Haw. 2011) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). To establish "deliberate indifference," a plaintiff must show that the municipality was on "actual or constructive notice" that its failure to train caused its employees to violate citizens' constitutional rights, generally by establishing a pattern of similar constitutional violations by untrained employees." *Id*. (quoting *Connick*, 563 U.S. at 61–62). To establish a municipality's liability under *Monell* for failure to train based on a single incident of allegedly unconstitutional conduct, a plaintiff must usually show that the consequences of the municipality's failure to train were "patently obvious" and "highly predictable." *Id*. (quoting *Connick*, 563 U.S. at 64). The Ninth Circuit has applied the "deliberate indifference" standard to claims of failure to supervise and failure to investigate and discipline employees. *See Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014); *Rodriguez*, 891 F.3d at 803.

Plaintiff's amended complaint does not cite a policy of Defendant City of Mountlake Terrace that led to the alleged violation of his constitutional rights or a pattern of similar instances of Defendant City of Mountlake Terrace violating the rights of its citizens. (*See generally* Dkt. No. 7.) Instead, Plaintiff's *Monell* claim against Defendant City of Mountlake Terrace for failure to train, supervise, or discipline its employees is predicated on the alleged suppression of exculpatory evidence during Plaintiff's 2002 criminal proceedings, the same conduct underlying Plaintiff's *Brady* claim. (*See id*. at 2–3, 5.) The Supreme Court has specifically rejected this argument, holding that "[f]ailure to train prosecutors in their *Brady* obligations does not fall within the narrow range of *Canton*'s hypothesized single-incident liability . . . [as] recurring constitutional violations are not the 'obvious consequence' of failing to provide prosecutors with formal in-house training about how to obey the law." *Connick*, 563 U.S. at 63–68. As Plaintiff's amended complaint does not set forth factual allegations supporting any other theory of Defendant City of Mountlake Terrace's liability under *Monell*, Plaintiff has

not established a plausible claim for relief on this ground. *See Iqbal*, 556 U.S. at 678; *Balistreri*, 901 F.2d at 699. Therefore, Defendants' motion to dismiss is GRANTED as to this claim.

### D. Civil Rights Claims against Individual Defendants

Plaintiff has named several individuals as Defendants in this lawsuit, who Defendants state are "*current* City representatives." (*See* Dkt. Nos. 7 at 1, 19 at 6.) An essential element of a § 1983 civil rights claim is "that a person acting under color of state law committed the conduct at issue." *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Id*. (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). Plaintiff does not allege that any of the named individual Defendants personally participated in the acts that purportedly deprived him of his civil rights, and thus he has not established a plausible claim for relief on this ground against these Defendants. *See Leer*, 844 F.2d at 632; *Iqbal*, 556 U.S. at 678. Therefore, Defendants' motion to dismiss is GRANTED as to these claims.

### E. Statute of Limitations

In Washington, federal civil rights claims are subject to a three-year statute of limitations. *See RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1058 (9th Cir. 2002) (citing *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989); Wash. Rev. Code § 4.16.080(2)). To determine the date on which a federal cause of action accrues, courts look to federal law. *See Canatella v. Van De Kamp,* 486 F.3d 1128, 1133 (9th Cir. 2007). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis,* 174 F.3d 987, 991–92 (9th Cir. 1999).

As discussed above, Plaintiff's *Brady* and *Monell* claims arise from the alleged suppression of exculpatory evidence during Plaintiff's 2002 criminal proceedings. *See supra* Sections II.B., II.C.; (Dkt. No. 7 at 2–3, 5). The statements submitted by Plaintiff in support of

his amended complaint assert in relevant part that "[d]uring the course of Domestic Violence in the 4th Degree City of Mountlake Terrace vs. Thomas J. Paulson . . . Mary E. Solberg and Josephine E. Paulson were told that there was 'No Evidence' in the case of Thomas J. Paulson." (Dkt. No. 9 at 2; *see* Dkt. No. 8 at 3–5.) Thus, Plaintiff's federal civil rights claims began to accrue in or around 2002, when the statement was allegedly made, and fall well outside of the three-year statute of limitations applicable to federal civil rights claims in Washington. *See TwoRivers,* 174 F.3d at 991–92; *RK Ventures,* 307 F.3d at 1058; (Dkt. No. 7 at 2–3, 5). Therefore, in addition to the deficiencies identified by the Court above, Plaintiff's federal civil rights claims are time-barred, and Defendant's motion is GRANTED on this ground.

### F. Supplemental Jurisdiction

District courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441(b). "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007) (citing 28 U.S.C. 1367(c)(3); *Fang v. United States*, 140 F.3d 1243–44 (9th Cir. 1998)). While not mandatory, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

As discussed above, Plaintiff's federal civil rights claims, over which the Court has original jurisdiction, must be dismissed based on Plaintiff's failure to state a plausible claim for relief and on the running of the applicable statute of limitations. *See* 28 U.S.C. § 1331; *supra* Sections II.B.–II.E. Plaintiff's remaining claims arise under Washington state law. (*See* Dkt. No. 7 at 2, 4–6; *see also* Dkt. No. 19 at 7.) In light of its dismissal of Plaintiff's federal civil rights claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state

law claims, which will be remanded to the Snohomish County Superior Court for further adjudication. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7.

### G. Rule 11 Sanctions

Defendants ask the Court to impose sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11. (Dkt. No. 19 at 7–8.) The decision whether to impose Rule 11 sanctions on a party is at the discretion of the district court. *See Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005). Where a request for Rule 11 sanctions is based on the complaint, the district court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *see also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[P]ast courts have applied [Rule 11] to *pro se* plaintiffs in assessing both the reasonableness of the behavior and the appropriate measure of sanctions."). Here, Defendants argue that Rule 11 sanctions are appropriate because of Plaintiff's "history of filing harassing, meritless lawsuits designed to harass public agencies and their employees," not because Plaintiff's complaint is legally or factually baseless or because Plaintiff did not conduct a reasonable and competent inquiry prior to filing it. (*See* Dkt. No. 19 at 7–8.) The Court declines to impose Rule 11 sanctions on Plaintiff based on his actions taken outside the context of this lawsuit. Therefore, Defendants' request for Rule 11 sanctions is DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss and for Rule 11 sanctions (Dkt. No. 19) is GRANTED in part and DENIED in part. Plaintiff's federal civil rights claims are DISMISSED. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and DIRECTS the Clerk to REMAND this case to Snohomish County Superior Court. The Clerk further DIRECTS the Clerk to transmit a certified copy of this order to the clerk of the Snohomish County Superior Court.

DATED this 15th day of January 2020.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-1492-JCC
PAGE - 10